## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

EDMUND V. MADRID,

       Plaintiff,

vs.                                                                        Civ. No. 04-0138 MV/ACT

PHELPS DODGE CORPORATION, JOHN
CALLAHAN, and CHINO MINES
COMPANY,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Second Motion to Amend Complaint, filed November 16, 2004, **[Doc. No. 17]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that Plaintiff's motion is well-taken and will be **GRANTED**.

## BACKGROUND

On January 9, 2004, Plaintiff Edmund Madrid filed a Complaint in Grant County's Sixth Judicial District Court alleging race discrimination and intentional interference with economic advantage **[Doc. No. 1]**. Shortly thereafter, Defendants removed the case to this Federal Court. On May 14, 2004, Michael Mozes entered his appearance as counsel for Plaintiff. Previously, Plaintiff had been represented by Jonathan Diener.

The Scheduling Order entered in this case established August 15, 2004 as the deadline for Plaintiff to join parties and amend pleadings **[Doc. No 9]**. Plaintiff did not seek an extension of this deadline. Plaintiff filed his Second Motion to Amend in November, three months after the

scheduling deadline passed.  Plaintiff seeks leave to add several claims to his Complaint:  (1)

violations of the Employment Retirement Income Security Act ("ERISA"); (2) violations of Title

VII; (3) negligent misrepresentation; (4) intentional misrepresentation; and (5) breach of

agreement.  Defendant opposes the motion, arguing that it should be denied because Plaintiff is

guilty of undue delay in seeking to add the new claims and because the amendments are futile.

## DISCUSSION

Because Plaintiff filed his motion to amend three months after the Scheduling Order

deadline, the Court must apply a two-step analysis in deciding whether to allow the amendments:

> Once a scheduling order's deadline for amendment has passed, a
> movant must first demonstrate to the court that it has "good cause"
> for seeking modification of the scheduling deadline under Rule
> 16(b).  If the movant satisfies Rule 16(b)'s "good cause" standard,
> it must then pass the requirements for amendment under Rule
> 15(a)[.]  Rule 16(b)'s "good cause" standard is much different than
> the more lenient standard contained in Rule 15(a).  Rule 16(b) does
> not focus on the bad faith of the movant, or the prejudice to the
> opposing party.  Rather, it focuses on the diligence of the party
> seeking leave to modify the scheduling order to permit the
> proposed amendment.  Properly construed, "good cause" means
> that scheduling deadlines cannot be met despite a party's diligent
> efforts.  In other words, this court may "modify the schedule on a
> showing of good cause if [the deadline] cannot be met despite the
> diligence of the party seeking the extension."

*Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

**A.   Has Plaintiff Demonstrated Good Cause to Modify the Scheduling Order?**

The "primary measure" of the Rule 16 "good cause" standard is the moving party's

diligence in attempting to meet the case management order's requirements.  *See Rowen v. State of*

*New Mexico*, 210 F.R.D. 250, 252 (D.N.M. 2002).

In Plaintiff's Reply, he states that good cause exists for several reasons.  First, Plaintiff

argues he discovered facts crucial to claims in his Second Amended Complaint after the amendment deadline passed. Next, Plaintiff argues that his previous counsel lacked the expertise and experience to represent him in federal court and that his current counsel had to begin "from scratch" when he took over the case. Finally, Plaintiff argues that the delay in moving to amend his Complaint occurred in part because the parties jointly were deciding whether the case should be arbitrated, rather than litigated in federal court.[1]

Defendant argues that these justifications do not constitute good cause because Plaintiff is unable to explain how these previously unknown facts were necessary to the proposed amendments and even if they were necessary, Plaintiff is unable to explain why he could not have sent discovery requests to them earlier.

Based on its review of the facts and the law, the Court finds that Plaintiff has demonstrated "good cause" to modify the scheduling order. Newly-discovered facts that serve as a basis for new claims alone can constitute "good cause" to modify a scheduling order. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668-69 (D. Colo. 2001) ("The fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline."); *Colorado Visionary Acad.*, 194 F.R.D. at 688 (denying a motion to amend after the deadline passed where there was "no assertion that new facts were developed during discovery that resulted in the need to amend" and the defendants admitted that the amendment was the result of their "failure earlier in the case to do the research necessary to

_____

[1] Plaintiff states that this delay "is not a case of Madrid being dilatory. Indeed, it made absolutely no sense to amend a complain or engage [in] discovery where arbitration rules would provide a different and dissimilar process for discovery and resolution."

recognize the applicability of the defense" they sought to add). As Plaintiff states, he discovered new facts after the amendment deadline -- obtained from depositions, discovery responses, and disclosure documents -- relating to:

> State water certifications, specific job qualifications, specific instances of discriminatory treatment, specific examples of ethic-based slurs, specific actions taken during the lay-off that affected Madrid's eligibility for retirement and severance benefits, specific favorable treatment afforded non-Mexican employees, and specific facts related to Defendants' acts and failures to act with respect to the Release.

His Second Amended Complaint includes new claims based on these facts. For example, Plaintiff's claims for intentional and negligent representation apparently are related to "Defendants' acts and failures to act with respect to the Release," the details of which were not discovered until certain discovery documents were turned over to Plaintiff.

Defendants argue that Plaintiff could have discovered these facts before the amendment deadline passed.  Defendants, however, did not file their Initial Disclosures with Plaintiff until November 23, 2004, well after the amendment deadline passed.  Plaintiff himself was not deposed until September 21, 2004.  Moreover, Plaintiff's counsel was still becoming familiar with the case and was in discussions with Defendants' counsel about the proper forum for the case.  The Court agrees that it would have been a waste of the parties' and judicial resources for Plaintiff to have amended his Complaint before he knew whether litigation would continue in federal court.  For all these reasons, the Court finds that Plaintiff has met Rule 16's "good cause" standard.

**B.      Has Plaintiff Met the Requirements for Amendment Under Rule 15(a)?**

Because the Court is satisfied that Plaintiff has demonstrated good cause to modify the

scheduling order, next it must consider whether Plaintiff has met the requirements for amendment

under Rule 15(a) of the Federal Rules of Civil Procedure.

Rule 15(a) allows for the second amendment of a pleading "by leave of court or by written

consent of the adverse party," and instructs that leave of court "shall be freely given when justice

so requires."  The decision whether to grant a motion for leave to amend is within the sound

discretion of the trial court.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  A court must

exercise this discretion mindful that the federal rules are designed to encourage decisions on the

merits rather than on mere technicalities. *Koch v. Koch Industries*, 127 F.R.D. 206, 209 (D. Kan.

1989).  Accordingly, leave to amend should be granted "[i]n the absence of any apparent or

declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of amendment, etc." *See*

*Foman*, 371 U.S. at 182.

Defendants argue that Plaintiff's amendments will be futile because they will not survive

summary judgment.  In support of this argument, Defendants essentially recite for the Court their

summary judgment motion, which was filed on the same day as their response to Plaintiff's

motion to amend.  Given the posture of this litigation, the Court declines to engage in a futility

analysis at this time, finding it more appropriate to consider the issue in the context of a

dispositive motion.

The Court finds that Plaintiff offers his Second Amended Complaint in good faith.  There

is no evidence that Plaintiff's new claims are baseless.  If true, Plaintiff's new allegations establish

violations of both state and federal law.  Plaintiff's motion was not "unduly" or "inexplicably

delayed."   As discussed in Part A, *supra*, Plaintiff discovered facts necessary to his Second

Amended Complaint after the amendment deadline already had passed.  Moreover, at the time

Plaintiff filed his motion, ample time remained for discovery.  Both parties, in fact, had several

more depositions planned and the deadline for filing pretrial motions was distant.  Finally,

Defendants have not shown that they will be prejudiced by the filing of the Second Amended

Complaint.[2]  Because leave to amend is to be "freely given" with an eye towards resolving cases

on their merits, the Court will permit Plaintiff to file a Second Amended Complaint.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Second Motion to Amend Complaint,

filed November 16, 2004, **[Doc. No. 17]** is **GRANTED**. Plaintiff has ten (10) days from the date

of this Order to file his Second Amended Complaint.


Dated this 3rd day of May, 2005.


_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE


Attorney for Plaintiff:
_____

[2] In the event the parties believe that additional discovery is required in light of the amendments, they may ask to reopen discovery and to alter any other deadlines, as necessary. Any prejudice which might arise from these amendments is thus capable of being cured.

Michael E. Mozes

Attorneys for Defendants:
George R. McFall
Lorena Olmos de Madalena